UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

_____

**DOCKETING STATEMENT**

_____

Case Name: _____

Appeal No. (if available): _____

Court/Agency Appeal From: _____

Court/Agency Docket No.: _____ District Judge: _____

Party or Parties filing Notice of Appeal/Petition: _____
_____

I. **TIMELINESS OF APPEAL OR PETITION FOR REVIEW**

    A. **APPEAL FROM DISTRICT COURT**

        1. Date notice of appeal filed:_____

            a. Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing notice of appeal:
                  _____
                  _____

            b. Is the United States or an officer or an agency of the United States a party to this appeal? _____

        2. Authority fixing time limit for filing notice of appeal:

Fed. R. App. 4 (a)(1)(A) ____    Fed. R. App. 4(a)(6) ____
Fed. R. App. 4 (a)(1)(B) ____    Fed. R. App. 4(b)(1) ____
Fed. R. App. 4 (a)(2)     ____    Fed. R. App. 4(b)(3) ____
Fed. R. App. 4 (a)(3)     ____    Fed. R. App. 4(b)(4) ____
Fed. R. App. 4 (a)(4)     ____    Fed. R. App. 4(c)    ____
Fed. R. App. 4 (a)(5)     ____
Other: _____

3. Date final judgment or order to be reviewed was filed and **entered** on the district court docket: _____

4. Does the judgment or order to be reviewed dispose of **all** claims by and against **all** parties? *See* Fed. R. Civ. P. 54(b).
_____

**(If the order being appealed is not final, please answer the following questions in this section.)**

    a.    If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?
_____

    b.    If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? _____

    c.    If none of the above applies, what is the **specific** statutory basis for determining that the judgment or order is appealable? _____

5. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

    a.    Give the filing date of any motion under Fed. R. Civ. P. 50(b), 52(b), 59, 60, including any motion for reconsideration, and in a criminal appeal any motion for judgment of acquittal, for arrest of judgment or for new trial, filed in the district court:
_____

    b.    Has an order been entered by the district court disposing of that motion, and, if so, when? _____
_____

6. Bankruptcy Appeals. (To be completed only in appeals from a judgment, order or decree of a district court in a bankruptcy case or from an order of the Bankruptcy Appellate Panel.)

Are there assets of the debtor subject to administration by a district or bankruptcy court?_____
Please state the approximate amount of such assets, if known.

_____
_____

B. **REVIEW OF AGENCY ORDER**  (To be completed only in connection with petitions for review or applications for enforcement filed directly with the Court of Appeals.)

1. Date petition for review was filed: _____

2. Date of the order to be reviewed: _____

3. Specify the statute or other authority granting the court of appeals jurisdiction to review the order: _____
_____

4. Specify the time limit for filing the petition (cite specific statutory section or other authority): _____
_____

C. **APPEAL OF TAX COURT DECISION**

1. Date notice of appeal was filed: _____
(If notice was filed by mail, attach proof of postmark.)

2. Time limit for filing notice of appeal: _____

3. Date of entry of decision appealed: _____

4. Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a)   _____

## II. LIST ALL RELATED OR PRIOR RELATED APPEALS IN THIS COURT WITH APPROPRIATE CITATION(S). If none, please so state.

Eakins v. Whaleco, Inc, d.b.a Temu, Case No. 24-6048 (Appeal of Motion to Compel Arbitration)

## III. GIVE A BRIEF DESCRIPTION OF NATURE OF ACTION AND RESULT BELOW.

On May 22, 2023, Plaintiff filed a putative class action complaint in Oklahoma state court, alleging violations of the Oklahoma Telephone Solicitation Act, which was timely removed to the Western District of Oklahoma on June 26, 2023. On November 15, 2023, Defendant filed a motion, pursuant to the Federal Arbitration Act, to compel Plaintiff to submit her underlying claim to mandatory binding individual arbitration, and to stay or dismiss the action in favor of said arbitration. On July 23, 2024, the Court denied Defendant's motion.

## IV. ISSUES RAISED ON APPEAL.

Whether Defendant's motion to compel should have been granted, and thus whether Plaintiff should have been compelled to arbitrate her claim, under the Federal Arbitration Act and applicable intepretive Tenth Circuit precedent.

V. **ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

A. Does this appeal involve review under 18. U.S.C. § 3742(a) or (b) of the sentence imposed? _____

B. If the answer to question in A is yes, does the defendant also challenge the judgment of conviction? _____

C. Describe the sentence imposed. _____
_____

D. Was the sentence imposed after a plea of guilty? _____

E. Is defendant on probation or at liberty pending appeal? _____

**NOTE**: In the event expedited review is requested, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered at the time of appeal by completing and delivering the transcript order form to the clerk of the district court when a notice of appeal is filed. Defendant/appellant must refrain from ordering any unnecessary transcript as this will delay the appeal. If the court orders this appeal expedited, it will set a schedule for preparation of necessary transcripts, for designation and preparation of the record on appeal, and for filing briefs. If issues other than sentencing are raised by this appeal, the court will decide whether bifurcation is desirable.

VI. **INDICATE WHETHER ORAL ARGUMENT IS DESIRED IN THIS APPEAL.** If so, please state why.




VII. **ATTORNEY FILING DOCKETING STATEMENT:**

Name**:** _____ Telephone: _____

Firm: _____

Address: _____

_____

_____

**PLEASE IDENTIFY ON WHOSE BEHALF THE DOCKETING STATEMENT IS FILED:**

A. ☐ Appellant

☐ Petitioner

☐ Cross-Appellant

B. **PLEASE IDENTIFY WHETHER THE FILING COUNSEL IS**

☐ Retained Attorney

☐ Court-Appointed

☐ Employed by a government entity
(please specify_____)

☐ Employed by the Office of the Federal Public Defender.

_____       _____
Signature                                                                                      Date

☐ Attorney at Law

**NOTE:** A copy of the court or agency docket sheet, the final judgment or order appealed from, any pertinent findings and conclusions, opinions, or orders, any motion filed under Fed. R. Civ. P. 50(b), 52(b), 59, or 60, including any motion for reconsideration, for judgment of acquittal, for arrest of judgment, or for new trial, and the dispositive order(s), any motion for extension of time to file notice of appeal and the dispositive order, and the notice of appeal or petition for review **must be attached to all copies of the Docketing Statement**, except as otherwise provided in Section I of the instructions.

The original and four copies of this Docketing Statement must be filed.

This Docketing Statement must be accompanied by proof of service.

The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, _____ hereby certify that on
       [appellant/petitioner or attorney therefor]

_____ I sent a copy of the foregoing **Docketing Statement,**
           [date]

 to:

_____, at _____

   [counsel for/or appellee/respondent]


_____


_____, the last known address,
by way of United States mail or courier.



_____
Signature
_____
Dated signed

_____

_____

_____

_____
[Printed name and address of person completing service]